UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADELSON ENRIQUE FRAILAN
GONZALEZ,

          Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

          Respondents.
_____/

Case No. 1:26-cv-1549

Honorable Paul L. Maloney

**<u>OPINION</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. (ECF No. 3.) The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (*Id.*, PageID.3.)

In an order entered on May 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on May 14, 2026, (ECF No. 9.) After reviewing the parties' submissions, the Court concludes that the petition is properly dismissed without prejudice for failure to exhaust administrative remedies.

**Discussion**

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.1.) ICE agents encountered and arrested Petitioner in Chicago, Illinois, on April 20, 2026. (*Id.*) Respondents have not provided Petitioner with an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).[1]

Since September of 2025, this Court has considered hundreds of petitions similar to the present petition. In resolving those petitions, until recently, the Court has declined to require that immigration detainees exhaust their administrative remedies before seeking habeas relief or, in the alternative, the Court has waived the exhaustion requirement. Then, turning to the merits, the Court has determined that immigration detainees in Petitioner's circumstance are properly detained, if at all, under 8 U.S.C. § 1226(a) and, accordingly, entitled to a custody redetermination hearing if the government intends to continue the detention.

On May 11, 2026, in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the United States Court of Appeals for the Sixth Circuit also concluded that § 1226(a), not § 1225(b)(2)(A), governs the detention of persons in Petitioner's position. Moreover, the Sixth Circuit explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the

---

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal or that Petitioner is subject to detention under 8 U.S.C. § 1226(c).

country, and has become subject in all respects to its jurisdiction, and a part of its
population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 2026 WL 1283891, at *11. The Sixth Circuit therefore upheld the lower courts'

determinations that the government's detention of the *Lopez-Campos* petitioners "without bond

under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at *13.

In Respondents' submissions to this Court, they indicate their intention to comply with the

binding holdings of *Lopez-Campos* and afford Petitioner a custody redetermination hearing.

(Resp., ECF No. 9.) This changes the Court's exhaustion analysis.  At present the Court concludes

that exhaustion would not be futile, and that the balance of prudential exhaustion factors weighs

in favor of requiring exhaustion.

There are no applicable statutes or rules that mandate administrative exhaustion by

Petitioner. Thus, whether to require exhaustion is within this Court's "sound judicial discretion."

*See Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013) (quoting *McCarthy v. Madigan*,

503 U.S. 140, 144 (1992)). "Courts have described an implied requirement to raise issues with an

agency as a 'judge-made,' 'prudential,' or 'common law' duty to exhaust," *Island Creek Coal Co.

v. Bryan*, 937 F.3d 738, 746 (6th Cir. 2019) (citations omitted), and such a court-made exhaustion

rule must comply with statutory schemes and Congressional intent, *Shearson*, 725 F.3d at 593–94.

Notably, the Sixth Circuit has not yet decided "whether courts should impose administrative

exhaustion in the context of a noncitizen's habeas petition for unlawful mandatory detention,"

*Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025)

(citing *Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1621, 2025 WL

2444114, at *8 (N.D. Ohio Aug. 25, 2025)), and "[t]he Sixth Circuit has not formally adopted a

standard for determining when prudential exhaustion applies." *Lopez-Campos v. Raycraft*,

No. 2:25-cv-12486, 2025 WL 2496379, at *4 (E.D. Mich. Aug. 29, 2025). However, courts within

the Sixth Circuit "have applied the three-factor test, set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983) (derived from *McGee v. United States*, 402 U.S. 479, 484[ (1971)]; *McKart v. United States*, 395 U.S. 185, 193–95[ (1969)),]" to determine whether prudential exhaustion should be required. *Id.* Under this three-factor test,

> Courts may require prudential exhaustion when:
>
> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
>
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
>
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-cv-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015)).

Alternatively, even in situations where a court may ordinarily apply prudential exhaustion, the court may still choose to waive exhaustion. *See id.* (citations omitted). A court may choose to rule upon the merits of the issues presented when the "legal question is 'fit' for resolution and delay means hardship." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (citation omitted). A court may also waive exhaustion if the "pursuit of administrative remedies would be a futile gesture." *Shearson*, 725 F.3d at 594 (citation omitted).

In resolving hundreds of prior petitions like Petitioner's, this Court concluded that prudential exhaustion should not be required after balancing the prudential considerations and the likely futility of starting with an agency decision.  But after the Sixth Circuit's decision in *Lopez-Campos* and the government's unequivocal commitment to apply its holding in this case, administrative review of the controlling legal question is likely to result in an agency decision that honors the law.  This, in turn, means that exhaustion is no longer futile.

Therefore, the Court will require Petitioner to exhaust the available administrative remedies. The Court will dismiss the petition without prejudice. Should the administrative remedies prove to be an unavailable path to allow the agency to correct its own mistakes, Petitioner may file a new petition.

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   June 3, 2026                                    /s/ Paul L. Maloney                              
                                                                Paul L. Maloney
                                                                United States District Judge